OPINION
{¶ 1} On September 19, 2003, Morgan County Sheriff's Deputies executed a search warrant at the residence of Robert Shawn Hall and/or Shannon Flowers. These individuals were not in the residence during the search. Present in the residence were appellant, Lacinda Lucas, and co-defendant, Leslie Norris.
 {¶ 2} As a result of the search, the Morgan County Grand Jury indicted appellant on two counts of possession of drugs in violation of R.C. 2925.11
(marijuana and crack cocaine) and two counts of trafficking in drugs in violation of R.C. 2925.03. The latter two counts were subsequently dismissed.
 {¶ 3} On May 17, 2004, appellant filed a motion to suppress all evidence seized from the residence, challenging the validity of the search warrant. A hearing was held on May 18, 2004. By judgment entries filed May 27, 2004 and June 3, 2005 upon remand, the trial court denied the motion, finding appellant lacked standing to challenge the search warrant.
 {¶ 4} A jury trial commenced on June 1, 2004. The jury found appellant guilty as charged. By judgment entry filed September 14, 2004, the trial court sentenced appellant to three years in prison on the crack cocaine count and six months on the marijuana count, to be served concurrently.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE ESTABLISHING THE IDENTITY OF THE APPELLANT AS THE PERSON WHO COMMITTED THE CRIME BEYOND A REASONABLE DOUBT."
 II {¶ 7} "THE EVIDENCE ESTABLISHING THE IDENTITY OF APPELLANT AS THE PERSON WHO COMMITTED THE CRIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE ESTABLISHING POSSESSION BEYOND A REASONABLE DOUBT."
 IV {¶ 9} "THE EVIDENCE ESTABLISHING THE CONSTRUCTIVE POSSESSION OF DRUGS BY THE APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 V {¶ 10} "THE TRIAL COURT ERRED WHEN THE SENTENCES EXCEEDED THE TERMS AUTHORIZED BY FACTS NOT FOUND BEYOND A REASONABLE DOUBT BY THE JURY OR ADMITTED BY THE APPELLANT IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 VI {¶ 11} "THE TRIAL COURT'S SENTENCES ARE CONTRARY TO LAW."
 VII {¶ 12} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE SEARCH WARRANT AFFIDAVIT LACKED PROBABLE CAUSE."
 I, II, III, IV {¶ 13} Appellant claims the evidence establishing her identity as the individual who committed the crime was insufficient and against the manifest weight of the evidence. Appellant also claims her conviction for possession of drugs was insufficient and against the manifest weight of the evidence. Appellant claims the trial court erred in denying her Crim.R. 29 motion for acquittal. We disagree.
 {¶ 14} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 15} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 16} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 17} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 18} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey, 64 Ohio St.3d 353, 363,1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks.
 IDENTITY {¶ 19} During the trial, one of the deputies stated the "two defendants, Leslie Norris and Lucinda Lucas, were at the kitchen table in the kitchen area of the trailer." T. at 65. The trial court found the deputy, by referring to the defendants and looking towards them, indicated appellant was one of the individuals in the residence. T. at 218-219. Further on cross-examination, appellant's defense counsel asked the following question:
 {¶ 20} "Q. All right. So this is a depiction as to what you saw when you were leading my client and this other young lady out in handcuffs?
 {¶ 21} "A. Yes sir." T. at 92.
 {¶ 22} Upon review, we conclude the record was sufficient to establish identification of appellant.
 POSSESSION OF DRUGS {¶ 23} Appellant was convicted of possession of marijuana and cocaine in violation of R.C. 2925.11(A) which states, "No person shall knowingly obtain, possess, or use a controlled substance." Appellant argues the evidence was insufficient to meet the statutory definition of possession which states, "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(L). "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." R.C. 2901.21(C).
 {¶ 24} Upon entering the residence, the police found appellant and the co-defendant seated at a table with the drugs "right there with them." T. at 65, 78. The photographs also depict the immediate proximity of appellant to the drugs. State's Exhibits B, C and D; T. at 70-72. The drugs were within her immediate control.
 {¶ 25} Upon review, we find sufficient evidence, albeit circumstantial, to support the jury's verdict.
 {¶ 26} The trial court did not err in denying appellant's Crim.R. 29 motion for acquittal.
 {¶ 27} Assignments of Error I, II, III and IV are denied.
 V, VI {¶ 28} Appellant claims her sentence is contrary to law. We disagree.
 {¶ 29} By judgment entry filed September 14, 2004, the trial court sentenced appellant to three years in prison on the crack cocaine count (second degree felony) and six months on the marijuana count (fifth degree felony), to be served concurrently. Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." For felonies of the fifth degree, "the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5).
 {¶ 30} Appellant claims the United States Supreme Court's opinions inApprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington
(June 24, 2004), 124 S.Ct. 2531, prohibit maximum sentences without an independent finding by the jury of facts relative to enhanced sentencing.
 {¶ 31} The cited cases involve sentences beyond the maximum. As the trial court herein sentenced appellant to terms within the statutory range prescribed by the legislature, the cases are inapplicable sub judice. See, State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043.
 {¶ 32} Pursuant to R.C. 2929.14(B), if an offender has not previously served a prison term, as is the case herein, a trial court shall impose the shortest prison term available unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In sentencing appellant to three years on the second degree felony, the trial court found "a community control sanction for this offense, on this Defendant, would not adequately punish the offender nor protect the public and that imposing a community control sanction would demean the seriousness of this offense." See, Judgment Entry filed September 14, 2004. The trial court explained its reasons in light of the seriousness and recidivism factors set forth in R.C. 2929.12.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. The trial court stated the following:
 {¶ 33} "And in looking at those factors, the Court finds that one of those factors is present in this case in that the offense was committed for hire or as part of organized criminal activity. In this case there was a sale of drugs for profit and possession of crack-cocaine and marijuana, which was more than what one would consider for personal use as explained by the presentence investigation.
 {¶ 34} "* * *
 {¶ 35} "Specifically, the defendant has demonstrated a pattern of drug and alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment; and here in this case, the offender denies any drug or alcohol abuse or use.
 {¶ 36} "Secondly, the Court finds that at the time of the presentence investigation that the offender showed no remorse for the offense." September 8, 2004 T. at 5-6.
 {¶ 37} In imposing a sentence on a fifth degree felony, trial courts must look to the factors set forth in R.C. 2929.13(B)(1). During the sentencing hearing, the trial court specifically found the offense was "committed for hire or as part of organized criminal activity and, secondly, that the offense was committed while the offender was in possession of a firearm [R.C. 2929.13(B)(1)(e) and (i)]." September 8, 2004 T. at 8.
 {¶ 38} Upon review, we find the trial court met the requirements of R.C. 2929.12, 2929.13, 2929.14 and Comer. We cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 39} Assignments of Error V and VI are denied.
 VII {¶ 40} Appellant claims the trial court erred in denying her motion to suppress. We disagree.
 {¶ 41} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 42} In its judgment entry filed June 3, 2005, the trial court specifically found appellant did not have standing to challenge the search warrant:
 {¶ 43} "There was no evidence presented that Lucinda Lucas or Leslie Norris owned, occupied or were residents of the premises searched.
 {¶ 44} "It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure. Standing is not achieved solely by a person's status as a defendant, nor by introduction of damaging evidence. The personal standing requirement applies, as well, to co-conspirators, and the violation of one co-conspirator's Fourth
Amendment rights does not confer standing upon another co-conspirator. Consequently, before a court may review the reasonableness of police behavior, the defendant must be able to demonstrate that his Fourth
Amendment right to privacy was violated. A defendant has the burden of proving standing. Alderman v. United States, 394 U.S. 165, (1969); Rakasv. Illinios, 439 U.S. 128, (1978); Rawlings v. Kentucky, 448 U.S. 98, 106, (1980); U.S. v. Padilla, 508 U.S. 77, (1993); U.S. v. Salvucci,448 U.S. 83, (1980)." Finding of Fact No. 8 and Conclusion of Law No. 6, respectively.
 {¶ 45} During the suppression hearing, a discussion was held between the trial court and counsel that the search warrant had been executed in the name of "Shannon Flowers." May 18, 2004 T. at 52-53.
 {¶ 46} Upon review, we find the trial court did not err in denying the motion to suppress.
 {¶ 47} Assignment of Error VII is denied.
 {¶ 48} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed.