{¶ 75} I agree with most of the majority's analysis. For the reasons it gives, Ohio's misdemeanants have the right to a jury trial which can be violated under Ohio's current sentencing scheme when a trial court imposes a maximum sentence under R.C.2929.22(C). However, the majority errs when it concludes that Appellant's right to a jury trial was violated in this case. Felons are automatically and always protected by the right to a trial by jury until and unless they waive that protection and such waiver only applies to the elements of the charges pending against them, while a misdemeanant never has that protection until and unless he demands it. In this case, Appellant never demanded the protection of the right to a trial by jury in the trial court, so he cannot avail himself of the protections afforded by that right on appeal.
 {¶ 76} The Ohio Constitution grants the right to a jury trial to any criminal defendant who can potentially be imprisoned as a penalty for the accused crime. State v. Tate (1979),59 Ohio St.2d 50, 52. Someone charged with a felony offense is automatically vested with that right; they are not required to demand that right and must file an affirmative written document to waive it. R.C. 2945.05; R.C. 2945.17; Crim.R. 23(A); State v.Fish (1995), 104 Ohio App.3d 236, 238. In contrast, misdemeanants are not vested with the protections of that right until they demand a jury trial in accordance with Crim.R. 23(A).State v. Stauffer (1976), 48 Ohio St.2d 54, 55-56. Once a misdemeanor defendant has properly demanded the right to a jury trial, he can only waive that right in the same manner as a felony offender. Tate at syllabus. Thus, felony offenders have the constitutional protection of the right to a trial by jury when they are charged with a crime, while misdemeanor defendants only have that protection after they have timely demanded it.
 {¶ 77} Although it is tempting to equate the waiver of the right to a trial by jury with the failure to demand the protections of that right, these are distinctly different acts. A petty offender cannot claim any protection of the constitutional right to a trial by jury if he has not properly demanded that right. Stauffer at 55-56. In essence, it is as if such an offender does not have the right at all. In contrast, a criminal defendant who waives his right to a jury trial when pleading guilty or agreeing to a bench trial is still protected by that right. When a defendant pleads guilty, he waives his right to a jury trial, but only in regard to the elements of the offense to which he is pleading guilty. See Blakely v. Washington (2004),542 U.S. 296. Similarly, a defendant only waives his right to a jury trial on the charges in the indictment or complaint unless he specifically states otherwise. See Apprendi v. New Jersey
(2000), 530 U.S. 466. In essence, a waiver of the right to a trial by jury only waives that right with regard to the guilt phase of the proceedings. A defendant must specifically waive that right with regard to the sentencing stage of proceedings before he is divested of the protections of that right when being sentenced.
 {¶ 78} Since a waiver of the right to a jury trial only applies to the guilt stage of the trial, unless it specifically states otherwise, such a waiver is distinctly different than a misdemeanant's failure to demand the protections of that right. In the first situation, the person waiving the right is still protected by that right when being sentenced. In the second situation, the person is never protected by that right.
 {¶ 79} These principles can be boiled down to a simple statement: courts make it easy to exercise the right to a trial by jury, but difficult to waive the complete protection of that right once it is invoked. See Brewer v. Williams (1977),430 U.S. 387, 404 ("[C]ourts indulge every reasonable presumption" against a waiver of fundamental constitutional rights.). The cases the majority cites at footnote 2 of its opinion are merely examples of these principles in action. In each of those cases, the defendant was charged with one or more felony offenses and waived his right to a jury trial by electing to either plead guilty or submit to a bench trial. These defendants only waived their right to a jury trial with respect to the elements of the offenses with which they were being charged, not with respect to the sentencing phase of their trials.
 {¶ 80} These principles are not based on the Ohio Supreme Court's application of Blakely to Ohio's felony sentencing scheme in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. Over a year ago, the Eighth District recognized that Blakely
did not apply to misdemeanants in the same way that it applied to felons because "a jury trial is not automatic when dealing with petty offenses." Id. at ¶ 8-9; see also Pepper Pike v. Dantzig,
8th Dist. No. 85287, 2005-Ohio-3468, at ¶ 43 ("Blakely applies to felony sentences, not misdemeanor sentences.").
 {¶ 81} In this case, the Appellant was charged with a petty offense and never demanded a jury trial in accordance with Crim.R. 23(A). This is materially different than the facts inApprendi, Blakely, Foster, or the litany of cases the majority cites at footnote 2 because the defendants in each of those cases could legitimately claim the protection of the constitutional right to a trial by jury during the sentencing phase of the proceedings. The Appellant in this case cannot. Since he did not avail himself of the protection of his right to a jury trial at all in the trial court, he is not entitled to the protection of that right on appeal. The Appellant cannot now claim that the trial court violated his right to a jury trial when sentencing him to a maximum sentence because he did not first demand that right in the trial court. Accordingly, I must respectfully dissent from the majority's ultimate conclusion. The trial court's sentence should be affirmed.