[Cite as *State v. Bailey*, 2017-Ohio-2679.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27177 |
| | : | |
| v. | : | T.C. NO. 15-CR-3828 |
| | : | |
| LAVETTA BAILEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___5th___ day of _____May_____, 2017.

. . . . . . . . . .

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 1, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Lavetta Bailey was found guilty by a jury in the Montgomery County Court of Common Pleas of assault, and her penalty was enhanced to a felony of the fourth degree by the jury's finding that the victim was a person performing emergency medical service while in the performance of his official duties. She was sentenced to community control for up to five years, and was ordered to pay court costs and other fees. She

appeals from her conviction.

{¶ 2} For the following reasons, the judgment of the trial court will be reversed, and Bailey's conviction will be vacated.

{¶ 3} The State's evidence at trial established that an emergency medical technician, Joey Ostendorf, and a paramedic, Jacob Lesher, were working together in the early morning hours of December 13, 2015. They were dispatched in an ambulance to the Blue Note Bar in Dayton at approximately 3:40 a.m., on a report that someone was injured there. When they arrived, they found a "chaotic" scene in which the injured woman was on the ground and many other people were standing around outside. Both the injured woman and the crowd were loud; the woman was also described as "belligerent." Ostendorf and Lesher had some concerns about their safety. The woman had an "obvious injury" and "deformity" to her lower leg, and Ostendorf and Lesher sought to load her into the ambulance and depart from the scene as quickly as possible. The woman was "verbally hostile," "swearing," and making "vague threats" as they did so, and did not want the men to touch her.

{¶ 4} After the injured woman was placed on a cot and into the ambulance, the ambulance left for Miami Valley Hospital, which was five or six minutes away. Lesher drove, and Osterdorf rode in the back with the injured woman. The woman tried more than once to get off the cot, despite being secured by two belt straps, and one of the times she succeeded in getting up from the cot. Lesher had to stop the ambulance once while in transit, because the woman had unstrapped herself and was attempting to stand inside the ambulance. When she was resecured, they continued to the hospital.

{¶ 5} When the ambulance arrived at Miami Valley Hospital, Lesher opened the

rear door and attempted to slide the cot out of the ambulance. As he did so, the injured woman struck him on the left side of his head with a closed fist. Lesher and Ostendorf each testified that the move appeared to be deliberate and was not incidental to any other movement. Lesher radioed the police to request assistance. The injured woman continued to be "combative" and "hostile" to Lesher, Ostendorf, and the hospital staff.

{¶ 6} On February 3, 2016, Bailey was charged with one count of assault on a person performing emergency medical service, in violation of R.C. 2903.13(A) and (C)(5). She was tried by a jury on June 6 and 7, 2016.

{¶ 7} R.C. 2903.13(A) states that no one shall knowingly cause or attempt to cause physical harm to another; it elevates the degree of the offense if the victim is "a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of their official duties." R.C. 2903.13(C)(5). "Emergency medical service personnel" means "first responders, emergency medical technicians-basic, emergency medical technicians-intermediate, emergency medical technicians-paramedic, and persons who provide medical direction to such persons." R.C. 4765.01(L).

{¶ 8} At trial, Ostendorf testified that he would not recognize the injured woman again, and that he had not obtained any identification or identifying information from her at the scene, because she would not provide any. He stated that he "obtain[ed] identifying information from the police after transferring her care over to Miami Valley Hospital staff," including her name, date of birth, and Social Security number; he learned at that point that the woman was named Lavetta Bailey. Ostendorf did not identify Bailey in the courtroom. Similarly, Lesher testified that he had asked the injured woman for

identification, but was not given any, and that he later learned her identity from the police. However, he testified that he had waited at the hospital until the woman was in a bed "in the EMS room" (an assigned room), and that he directed the police officer to the assigned room, indicating "that was the person who did it."

{¶ 9} Dayton Police Officer Gary Roesser, who responded to Miami Valley Hospital in response to Lesher's call, testified that the injured woman had been unconscious when he entered her room at the hospital, and he had not had any conversation with her. He also testified that he would not recognize the woman if he saw her again. He testified that he got identifying information from "Jacob" (Lesher), along with "additional information" from Ostendorf and a doctor, and he ran "the patient's identifiers" through the computer in his cruiser. Roesser did not identify Bailey in court as the female patient.

{¶ 10} After Ostendorf, Lester, and Roesser testified, the prosecutor informed the court that she "was going to have to call additional witnesses since the witnesses are failing to identify the defendant." She called Thomas Cope, a Dayton Police Department detective assigned to the case. The prosecutor asked Cope what "suspect information" he had obtained in the case. This question was followed by an objection and an extensive conversation at sidebar.

{¶ 11} The State asserted that Cope's identification was not being offered for its truth, but to explain his investigation. The court noted that Ostendorf stated he got information identifying the patient from the police (Roesser), and Roesser testified that he got identifying information from Ostendorf. Since none of the witnesses, including Cope, claimed to have first-hand knowledge of the woman's identity, the court was "not

convinced" that Cope's testimony about the woman's identity was "being offered for a non-hearsay purpose." The State also argued that Cope would be able to testify about what he found when he ran Bailey's information, but the trial court pointed out that information obtained from Cope's search about Lavetta Bailey, after being informed that she was the suspect, did not identify her as the person involved in this incident: "* * * [I]t all comes back to the fact that somebody said she's the suspect. We don't know who that person is." The court concluded that the State's attempt to have Cope testify as to the suspect's identity was hearsay, and it sustained Bailey's objection to this testimony.

{¶ 12} The State then rested, and Bailey moved for a Crim.R. 29(A) judgment of acquittal, because no one had identified her as the person who assaulted Lesher. The State responded that, although the emergency medical technicians were not able to recall Bailey's face, they had identified her to the police officer, Roesser, at the hospital, who had then pursued the investigation and written a report, and that this evidence was sufficient to overcome a Crim.R. 29 motion.

{¶ 13} The trial court observed that the sufficiency of the evidence with respect to Bailey's identification as the perpetrator of the assault was "a very close question." The court noted, however, that circumstantial evidence is sufficient to sustain a conviction and is afforded equal weight to direct evidence, and that the identity of a perpetrator may be proven by indirect evidence. In overruling the motion, the court stated:

I concede this is a very, very close call by the Court. Very close. And if it were simply the identity, the name Lavetta Bailey, the motion for directed verdict would be sustained. But it's more than simply the name. It is the name. That is a factor, and it's the name Lavetta Bailey. But it's the cross

examination of these various witnesses in which the questions by defense counsel assume as a given that it was the defendant who was the individual with whom these officers encountered.   And so that – or that reason that motion for directed verdict is overruled.

{¶ 14}  After the trial court overruled the motion for acquittal, Lavetta Bailey testified at trial in her defense.   She stated that she had fallen outside the Blue Note on December 13, 2015, that she had been in "excruciating" pain, and that her leg had obviously been broken, so her cousin called for an ambulance.   Bailey testified that, after the ambulance arrived, she hit Lesher with her left hand as he was touching her leg; she reached for her leg because of the pain, and she accidentally hit him with an open hand. According to Bailey, this contact occurred inside the ambulance but while it was still parked at the Blue Note, and her cousin was in the ambulance with her at the time. Bailey also stated that Lesher "screamed" at her on the way to the hospital that she was going to go to jail, and that he repeated this assertion to hospital staff when they arrived at the hospital.   Bailey did not remember if the ambulance had stopped on the way to the hospital, and she did not recall who pulled the cot out of the ambulance at the hospital. Bailey denied knowingly striking Lesher at the hospital.

{¶ 15}  As discussed above, the jury found Bailey guilty of assault on a person performing emergency medical service.

{¶ 16} On appeal, Bailey argues that the trial court erred in overruling her Crim.R. 29(A) motion, because the State failed to prove she was the person who committed the assault.

{¶ 17}  When reviewing the denial of a Crim.R. 29(A) motion, an appellate court

applies the same standard as is used to review a claim based on the sufficiency of the evidence. *State v. Page*, 2d Dist. Montgomery No. 26670, 2017-Ohio-568, ¶ 7, citing *State v. Sheppeard*, 2d Dist. Clark No. 2012 CA 27, 2013-Ohio-812, ¶ 51. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.* In reviewing the trial court denial of a Crim.R. 29(A) motion at the end of the State's case, we consider only the evidence then available to the trial court. *Sheppeard* at ¶ 51.

**{¶ 18}** The State has the burden to prove every element of the crime charged beyond a reasonable doubt, including the identity of the person who committed the crime. *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 15; *State v. Missler*, 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 13, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 27; *State v. Gray*, 7th Dist. Mahoning No. 09 MA 33, 2010-Ohio-2530, ¶ 7. There is no requirement that a witness must make an in-court identification of a defendant in criminal cases; direct or circumstantial evidence is sufficient to establish the identity of the accused as the person who committed the crime. *Cleveland v. Williams*, 8th Dist. Cuyahoga No. 101588, 2015-Ohio-1739, ¶ 25; *State v.*

*Eckard*, 3rd Dist. Marion No. 9-15-45, 2016-Ohio-5174, ¶ 30. However, merely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity. *Gray* at ¶ 7, citing *State v. Marcum,* 7th Dist. Columbiana No. 03 CO 36, 2004-Ohio-3036, ¶ 23; *State v. O'Neil*, 107 Ohio App.3d 557, 669 N.E.2d 95 (6th Dist.1995). There must be a "significant correspondence of identifying characteristics" between the defendant and the person with the same name who is implicated in an offense. *State v. Wilson*, 2d Dist. Champaign No. 96 CA 22, 1997 WL 666159 (Oct. 24, 1997) (addressing proof of a prior conviction to support a specification); *see also* R.C. 2945.75 (B)(1) (when it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction must be submitted along with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar).

{¶ 19} Connecting the defendant's name with the perpetrator can be accomplished in various ways, including, but not limited to, an in-court identification of the defendant as the person who committed the crime. *Gray* at ¶ 7. And it is not necessary that the witness(s) be one hundred percent certain of the in-court or other identification of the defendant as the perpetrator of the crime. *Id.*, citing *State v. Scott*, 3 Ohio App.3d 239, 244, 210 N.E.2d 289 (7th Dist. 1965).

{¶ 20} Here, there was sufficient testimony that a female named Lavetta Bailey was the person who was transported by emergency personnel to Miami Valley Hospital and who assaulted Lesher. The question raised by the Crim.R. 29(A) motion was whether there was sufficient evidence that the defendant, Lavetta Bailey, who was indicted and standing trial, was the same Lavetta Bailey as the one transported to the

hospital.

**{¶ 21}** We disagree with the trial court's conclusion that there was sufficient evidence from which the jury could have reasonably inferred that the woman who appeared in court was the same person who had committed the alleged assault.

**{¶ 22}** At trial, no one identified Lavetta Bailey, the defendant, as the perpetrator of the offense. In other words, the State presented circumstantial evidence that the person who hit Lesher was named Lavetta Bailey, but there was no direct or circumstantial evidence that the person who was on trial was that person, apart from having the same name. Evidence was presented that "identifiers" such as a Social Security number and date of birth were obtained either by the ambulance personnel, Officer Roesser, or hospital personnel, but the testimony conflicted about who had obtained such information, and no specific evidence was admitted as to what Social Security number or date of birth was collected and entered into Roesser's computer at the hospital.

**{¶ 23}** The trial court correctly stated that the identity of a defendant may be proven by direct, indirect, and/or circumstantial evidence; it further correctly noted that "[m]erely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity," citing *Gray*, 7th Dist. Mahoning No. 09 MA 33, 2010-Ohio-2530, ¶ 7. The trial court also explicitly relied on *State v. Brown*, 12th Dist. Warren No. 2006-10-120, 2007-Ohio-5787, ¶ 30, and *State v. Baxla*, 4th Dist. Highland No. 656, 1988 WL 65644, *3 (June 13, 1988), which held that witness testimony referring to "the defendant" coupled with a demonstration that the person committing the offense was arrested and charged, and the defendant's appearance at trial in response to the

charge, had been found to constitute sufficient evidence of identification to withstand a Crim.R. 29(A) motion. In *Brown*, the trooper testified that he had the "opportunity to speak to the defendant." Similarly, in *State v. Lucas*, 5th Dist. Morgan No. CAO4007, 2005-Ohio-3468, ¶ 20, an officer responded to defense counsel by testifying as to what he "saw when [he was] leading my client and this other young lady out in handcuffs. " Here, there was no such indirect recognition of the defendant in court as the person who committed the assault or even that such person was charged and arrested.

{¶ 24} The State's response to the motion and the trial court's ruling each suggested that defense counsel's manner of asking questions "assumed Bailey and the patient who assaulted Lesher were one and the same" (Bailey's brief) or "sort of subsumed in the question" of whether Bailey was the perpetrator (the trial court). The trial court also stated that defense counsel's cross-examination "assumed as a given that it was the defendant who was the individual with whom these officers encountered."

{¶ 25} Counsel referred to "Ms. Bailey" only two times during his questions on cross-examination; at all other times, he used the word "she" in questions, and we cannot speculate whether the witnesses assumed he was talking about the woman in the courtroom or about the woman in the ambulance.

{¶ 26} It is well established that neither opening statements, closing arguments, nor the questions of counsel are "evidence" in a case. *See State v. Siller*, 8th Dist. Cuyahoga No. 90865, 2009-Ohio-2874, ¶ 58; *State v. Walters*, 10th Dist. Franklin No. 06AP-693, 2007-Ohio-5554, ¶ 81. And the jury was so instructed at trial. To conclude otherwise would relieve the State of its burden of proof and would compromise a defendant's right to the effective assistance of counsel by causing defense counsel to

consider foregoing an opening statement or closing argument for fear of prejudicing the client, or to conduct cross-examination in such a manner that the State would be alerted to the failure of its evidence.   We cannot adopt the view that defense counsel's questions constitute "evidence" against the accused by which the State could overcome a Crim.R. 29(A) motion.

{¶ 27}   Based on the evidence presented in this case, reasonable minds could not have concluded that the Lavetta Bailey who sat in the courtroom was the perpetrator of the assault on Lesher.   The trial court erred in overruling her motion for acquittal at the close of the State's case.   The fact that Bailey subsequently testified to being the patient in Lesher's ambulance is irrelevant, as such testimony would never have been offered if the Crim.R. 29(A) motion had been granted at the close of the State's case.

{¶ 28}   The assignment of error is sustained.

{¶ 29}   The judgment of the trial court will be reversed, and Bailey's conviction will be vacated.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.


Copies mailed to:

Michael J. Scarpelli
Michael H. Holz
Hon. Dennis J. Langer