[Cite as *State v. Krouskoupf*, 2017-Ohio-7971.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOSHUA KROUSKOUPF | : | Case No. CT2017-0016 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. CR2016-0186


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 28, 2017


APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

GERALD V. ANDERSON, II                    DAVID A. SAMS
27 North Fifth Street                               Box 40
P.O. Box 189                                      West Jefferson, OH  43152
Zanesville, OH  43702-0189

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Joshua Krouskoupf, appeals his February 7, 2017 conviction and sentence of the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 2, 2016, the Muskingum County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25, with a prior conviction of domestic violence, elevating the charge to a felony of the fourth degree.

{¶ 3}   A jury trial commenced on January 12, 2017.  The jury found appellant guilty as charged.  By entry filed February 7, 2017, the trial court sentenced appellant to fourteen months in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THERE WAS INSUFFICIENT PROOF OF A PRIOR CONVICTION FOR DOMESTIC VIOLENCE TO ELEVATE THE CHARGE TO A FELONY."

I

{¶ 6}   In his sole assignment of error, appellant claims there was insufficient proof of a prior conviction of domestic violence to elevate the charge to a felony.  We disagree.

{¶ 7}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 8} During the direct testimony of Zanesville Police Detective Jon Hill, appellant's prior conviction for domestic violence was stipulated to and marked as Exhibit C. T. at 122-123. In his appellate brief at 2, appellant argues, "[t]here does not appear to be any testimony, however, specifically linking appellant to the entry and the prior." Appellant concludes, "[a]ccordingly, counsel submits that the stipulation amounted only to proof that a Joshua Krouskoupf had been convicted of a DV and not necessarily that it had been the appellant on trial." In support of his argument, appellant cites the case of *State v. Bailey,* 2d Dist. Montgomery No. 27177, 2017-Ohio-2679. In *Bailey,* no witness identified the defendant as the perpetrator of the offense. We find the case to be distinguishable from the case sub judice. In this case, Detective Hill specifically identified appellant in court. T. at 121-122. This identification occurred immediately prior to the introduction of Exhibit C. T. at 122-123.

{¶ 9} Furthermore, at no time did appellant object to the prior conviction and in fact, defense counsel agreed to the stipulation. T. at 122.

{¶ 10} Upon review, we find sufficient evidence to support the finding of a prior conviction for domestic violence.

{¶ 11} The sole assignment of error is denied.

{¶ 12} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Baldwin, J. concur and

Hoffman, P.J. dissents.

_____
Hon. Earle E. Wise, Jr.

_____
Hon. William B. Hoffman

_____
Hon. Craig R. Baldwin

EEW/sg 908

*Hoffman, P.J., dissenting*

**{¶13}** I respectfully dissent from the majority opinion.

**{¶14}** I agree with the majority Appellant's reliance on *State v. Bailey*, 2d Dist. Montgomery County No. 27177, 2017-Ohio-2679, is misplaced. I further agree defense counsel agreed to the stipulation to State's Exhibit C. However, the issue raised by Appellant challenges the extent and sufficiency of the stipulation itself.

**{¶15}** R.C. 2945.75(B) provides:

Whenever it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction *together with* evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction. (Emphasis added).

**{¶16}** The court in *State v. Wilson* (1997), 2d Dist. Champaign County No. 96-CA-22, 1997 WL 666159, stated "This language has been read to create a two part requirement for proving prior convictions requiring: (1) a certified copy of the judgment entry and (2) sufficient additional evidence to prove the identity of the defendant at bar with the one named in the judgment", citing *State v. McCoy* (1993), 89 Ohio App 3d 479.

**{¶17}** I find the stipulation in the case sub judice ambiguous at best. It merely reflects a stipulation as to State's Exhibit C, the certified copy of the prior conviction of Joshua Krouskoupf for domestic violence. Lacking is a stipulation the defendant at bar is the same defendant as the one named in that prior conviction.

{¶18} Because the State carries the burden of proof beyond a reasonable doubt, I find there was insufficient proof of a prior conviction. I would sustain Appellant's assignment of error, enter a final judgment of conviction for domestic violence as a first degree misdemeanor and remand the matter to the trial court to resentence Appellant accordingly.

_____
HON. WILLIAM B. HOFFMAN