OPINION
{¶ 1} Defendant-appellant J.C. John Marcum appeals the decision of the Columbiana County Common Pleas Court, which found him guilty of perjury after a bench trial. The issues before us concern whether the false statement made to the grand jury was material, whether the state sufficiently established appellant's identity, and whether appellant was prejudiced by the delay in indicting him for perjury since his conviction was based upon the statements he made at his guilty plea to the crime originally being investigated by the grand jury. For the following reasons, the first two assignments of error have no merit. However, appellant's third assignment of error is meritorious. As such, appellant's conviction for perjury is reversed and appellant is discharged.
 STATEMENT OF FACTS {¶ 2} Appellant's father, Matt Marcum, was having some problems with his former girlfriend's new boyfriend. In the middle of the night on July 17, 2001, appellant was at his father's house in Leetonia, Ohio when a pick-up truck started spinning its tires around the yard. The two occupants of the truck later reported that a shot was fired from the house. Matt Marcum was arrested for felonious assault.
 {¶ 3} Appellant was subpoenaed to testify before the grand jury in the case against his father on August 30, 2001. Before testifying, appellant was advised of his right to counsel, his Fifth Amendment right against self-incrimination, and his right to remain silent. He was also advised that he may be a target of the investigation and that he could assert his right to refuse to answer any question at any time. (G.J. Tr. 2-3).
 {¶ 4} Appellant testified that he did not fire a shotgun that night. (G.J. Tr. 15, 17). He claimed that no shots were fired from the house. (G.J. Tr. 18). He denied telling his half-sister and her husband, who had already testified before the grand jury, that he was the one who fired the shot. (G.J. Tr. 25, 30).
 {¶ 5} The case against his father was eventually dismissed. Instead, appellant was indicted on two counts of felonious assault with firearm specifications in case number 2001-CR-135. His arraignment in that case took place in September 2001.
 {¶ 6} Appellant later entered into a plea bargain whereby he pled guilty to aggravated assault, which entails attempting to cause physical harm with a deadly weapon after serious provocation and while under sudden passion or a sudden fit of rage. In return, the state dismissed the felonious assault charges and the accompanying gun specifications. At the March 4, 2002 plea hearing, the state noted that according to the agreement, appellant would not enter an Alford plea but rather would "allocute appropriately." (Plea Tr. 4). When asked if he had anything to discuss, appellant noted that the victims had previously destroyed his father's property and threatened to shoot him and his father. (Plea Tr. 18). Before accepting appellant's plea, the court asked appellant to explain completely and exactly what happened that night. (Plea Tr. 18). Appellant then admitted that he opened the door and fired a shell from the shotgun. (Plea Tr. 20). The court accepted his guilty plea to aggravated assault. In June 2002, the court sentenced appellant to fifteen months in prison.
 {¶ 7} Then, on August 28, 2002, appellant was indicted on five counts. The first count, which is the subject of this appeal, was perjury for lying to the grand jury on August 30, 2001 in his father's case. The second count was having a weapon while under disability at the July 17, 2001 shooting. The remaining counts were receiving a stolen credit card, misuse of a credit card, and theft, all of which allegedly occurred on March 14, 2002. The court granted appellant's motion for separate trials.
 {¶ 8} Appellant filed a motion to dismiss the perjury and weapons charge. The court overruled the motion with regards to the perjury charge but agreed to take dismissal of the weapons charge under advisement. The perjury charge was tried to the court on April 8, 2003. The court reporter was called to identify the transcript of appellant's grand jury testimony and appellant's March 4, 2002 plea hearing, which were offered into evidence by the state. (Tr. 11-13). The state also called an investigator for the prosecutor's office who supervises various grand jury functions. He identified the audio tape from which the transcript was made. (Tr. 23). He also pointed to appellant and stated that he was the person who testified at the grand jury. (Tr. 29-30). Moreover, he reviewed what he remembered of appellant's testimony. (Tr. 26-28). Appellant presented no evidence in his defense. The court found appellant guilty of perjury.
 {¶ 9} Thereafter, in its April 29, 2003 judgment entry, the court ruled on the other motion to dismiss it had previously taken under advisement. The court dismissed the weapons charge explaining that it was unfair to charge appellant with the weapons offense after he already pled guilty to aggravated assault, which had been lowered from two felonious assaults with gun specifications. The court relied on the rationale of case law dealing with pre-indictment delay and applied a standard of prejudice and tactical delay in concluding that the state's delay abridged appellant's right against self-incrimination at his plea hearing. In this appeal from his three-year prison sentence for perjury, appellant complains that the court refused to apply this same rationale to the perjury charge.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 10} Appellant sets forth three assignments of error, the first of which asks:
 {¶ 11} "WHETHER THE STATEMENTS MADE BY THE APPELLANT, J.C. MARCUM, TO THE GRAND JURY IN AUGUST OF 2001, WERE MATERIAL TO THE GRAND JURY'S INVESTIGATION WHICH HE UNDERSTOOD WAS ONGOING AND ABOUT WHICH HE WAS TESTIFYING AT THE TIME."
 {¶ 12} Materiality is an element of perjury. When a defendant argues that the state failed to prove an element of a crime, he is arguing that the state presented insufficient evidence to support a conviction. Sufficiency is a question of law dealing with adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380,386. In reviewing whether the state's evidence is sufficient, the appellate court is to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could find that the essential elements were proven beyond a reasonable doubt. State v. Goff (1998),82 Ohio St.3d 123, 138.
 {¶ 13} The essential elements of perjury are set forth in R.C. 2921.11(A) as follows:
 {¶ 14} "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material."
 {¶ 15} Appellant claims that the state failed to prove that the falsifications he provided to the grand jury were material. Pursuant to R.C. 2921.11(B):
 {¶ 16} "A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding. It is no defense to a charge under this section that the offender mistakenly believed a falsification to be immaterial."
 {¶ 17} Appellant argues that his statements could not have and did not affect the outcome of the grand jury proceedings because the investigation was concerning his father's role in the shooting, his father was never indicted, and appellant was indicted. However, this argument is flawed. The statute specifically states that in order to be "material," the falsification need only have had the potential to affect the outcome; it need not have actually affected the outcome.
 {¶ 18} Thus, due to appellant's lie that he did not fire the shotgun, his father could have been erroneously indicted. Also, as the state argues, appellant was informed that the grand jury was not only investigating his father but was investigating the entire incident and that he was a target of the investigation. This argument is without merit. As such, this assignment of error is overruled.
 {¶ 19} Appellant also offers various policy reasons as to why a person should not be charged with perjury for pleading guilty for a crime to which he once protested his innocence; he mentions decreased incentive to plead and the resulting decrease in judicial economy. This argument does not deal with materiality, which is the error alleged in this assignment. As such, it shall not be addressed here. App.R. 12(A)(2) (the court may disregard an assignment that is not separately argued in the brief) and App.R. 16(A)(7) (there shall be an argument with respect to each assignment of error). Similar, but more case-specific thoughts on the matter, are addressed under appellant's third assignment of error.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 20} Appellant's second assignment of error queries:
 {¶ 21} "Whether the state proved each and every one of the elements of the offense of perjury in its trial on April 8, 2003 of the appellant, J.C. Marcum, in that at no time did any of the witnesses identify that J.C. Marcum had been the one who testified under oath at the grand jury in August of 2001, or who had pled to the charges in Columbiana County Case Number 2001-CR-135."
 {¶ 22} Besides proof of the statutory elements of perjury outlined above, the state must also accomplish the identification of appellant as the perpetrator beyond a reasonable doubt. Statev. Cook (1992), 65 Ohio St.3d 516, 526. Appellant disputes that the element of his identity as the perpetrator was so established. He concedes that the state proved that there were inconsistencies between some person's grand jury testimony and the later statements made by a defendant at his plea hearing to aggravated assault. However, he claims that the state failed to prove that he was the same individual who testified before the grand jury and/or the same individual who spoke at the plea hearing.
 {¶ 23} Establishing that the defendant's name is the same as the name of the person whom witnesses testified committed the crime is not sufficient evidence of identity. In re Lipford
(Dec. 24, 2001), 7th Dist. No. 01AP756. However, in this case, there was more than a mere identity of names. The investigator pointed to appellant at trial and testified that he was the same J.C. John Marcum who he watched testify before the grand jury on August 30, 2001. (G.J. Tr. 29-30). Appellant stated his name and address before the grand jury. (G.J. Tr. 2). He stated this same name and address at the March 4, 2002 plea hearing in front of the same court who tried appellant for perjury. (Plea Tr. 6). In both transcripts appellant stated that he was present at Matt Marcum's Leetonia residence on July 17, 2001 and that Matt Marcum was his father. (G.J. Tr. 4-5); (Plea Tr. 18, 21-22). Both transcripts were introduced as evidence in this case.
 {¶ 24} Accordingly, there is sufficient evidence that appellant is the same individual as the one who testified before the grand jury on August 30, 2001 and who spoke at the March 4, 2002 plea hearing. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 25} Appellant's third assignment of error alleges:
 {¶ 26} "The lower court erred in not dismissing the perjury charge. as it had the weapons under disability charge, as the state intentionally delayed in indicting J.C. Marcum with perjury as a tactical advantage and then attempted to use J.C. Marcum's own admissions against him to prove the perjury charge in violation of J.C. Marcum's due process rights under the ohio and United States Constitutions."
 {¶ 27} Appellant argues that the trial court should have dismissed the perjury charge for the same reasons that it dismissed the weapons charge. He contends that pre-indictment delay violated his due process rights because the delay was unjustifiable since the state's reason for delaying was to gain a tactical advantage.
 {¶ 28} Appellant continues that the state was aware of his falsehoods at the time they were made because his half-sister and her husband testified that he told them he fired the shotgun. He urges that at the very least, the state should have indicted him for perjury when he was indicted for the two felonious assaults with gun specifications. He believes that by waiting to indict him for perjury until after he pled (to a reduced charge of aggravated assault) and by insisting that he not enter anAlford plea and that he state the details of the crime on the record wherein he admitted that he fired the gun, the state "set him up" or "entrapped" him at the plea hearing in order to produce evidence for use at a later perjury hearing.
 {¶ 29} The state counters that there was no delay, let alone unjustifiable delay, and there was no prejudice. The state notes that it has no duty to file charges as soon as it believes a crime may have been committed. Rather, the state has discretion to determine whether the strength of its case at various points in time justifies indictment.
 {¶ 30} It does seem contradictory for the trial court to dismiss the weapons charge for reasons of tactical advantage without dismissing the perjury charge on the same grounds. However, this does not answer the question of whether dismissal is required.
 {¶ 31} In order to determine whether pre-indictment delay has deprived a defendant of due process, a two-part test is utilized. First, the defendant must demonstrate that he was actually or substantially prejudiced by the pre-indictment delay. State v.Whiting (1998), 84 Ohio St.3d 215, 217, 702 N.E.2d 1199, confirming State v. Luck (1984), 15 Ohio St.3d 150,472 N.E.2d 1097, and citing United States v. Lovasco (1977), 431 U.S. 307
and United States v. Marion (1971), 404 U.S. 307, 92 S.Ct. 455,30 L.Ed.2d 468. Thereafter, the burden falls upon the state to produce evidence of a justifiable reason for the delay. Id. The prejudice is then viewed in light of the state's reason for the delay. Id. See, also, State v. Christman (May 28, 1999), 7th Dist. No. 786.
 {¶ 32} As the trial court noted in dismissing the weapons charge, the delay was not substantial in and of itself. Our focus thus falls on whether even that amount of delay prejudiced appellant and on whether the state's reason for the delay was to unjustly gain a tactical advantage.
 {¶ 33} We first conclude that appellant has established actual prejudice. For instance, appellant may have gone to trial instead of pleading guilty in the assault case if he knew his plea would later be used against him in a perjury case. He may have entered into a different plea bargain with different bargaining chips in both cases, e.g. the state may have agreed to dismiss the perjury charge in return for his guilty plea to the lesser assault in the felonious assault case. Or, appellant may have insisted the state accept a no contest plea on the assault, which could not have been used against him in a subsequent criminal action. See Crim.R. 11(B)(2). Appellant may have also insisted that he be permitted to enter an Alford plea regardless of the state's attempt to get him to agree not to.
 {¶ 34} Certainly, if the state would have indicted appellantfor perjury at or around the time of the assault indictment, hewould not have made the admissions at his assault plea hearing.
The prejudice here is not as speculative as it was in ourChristman case. Appellant has established enough prejudice to warrant moving to the next step in the analysis.
 {¶ 35} We thus turn to the reason for delay. Pre-indictment delay is unjustifiable when the state's reason for the delay is to intentionally gain a tactical advantage over the defendant or when the state, through negligence or error in judgment, effectively ceases the active investigation of a case and later decides to indict based upon the same evidence that existed before. Christman, 7th Dist. No. 786, citing Luck,15 Ohio St.3d at 158. Here, the question is whether the state delayed indicting on perjury in order to intentionally gain a tactical advantage.
 {¶ 36} The state seems to argue it had a justifiable reason for delaying because if appellant went to trial and obtained a not guilty verdict on the assaults, then they would not have indicted him for perjury. As the state notes, prosecutors need not file charges as soon as probable cause exists but before they are satisfied they can prove guilt beyond a reasonable doubt.Christman, 7th Dist. No. 786, citing Lovasco,431 U.S. at 791.
 {¶ 37} Nevertheless, the state had just as much evidence that he committed perjury as it had that he fired the gun. In fact, it is exactly the same evidence, for if he fired the gun, then he committed perjury. This case is thus wholly distinguishable fromChristman and many of the other cases in the pre-indictment delay field. Christman dealt with the new evidence from witnesses as the reason for delay, but this case deals with the apparent desire of the state to force the defendant to create evidence against himself as the reason for the delay.
 {¶ 38} By indicting the defendant for felonious assault, the state voiced its opinion that appellant perjured himself in front of the grand jury when he stated that he did not commit the assaults. Although one may disagree that this is sufficient to reverse a conviction on grounds of pre-indictment delay, there is much more to this case than that. Here, the state added a stipulation to the guilty plea specifically requiring a non-Alford plea, and appellant was forced to confess to the shooting on the record at the plea; this confession formed the crux of the perjury case against him.
 {¶ 39} This was obviously only done to covertly make and preserve evidence for use at a later perjury trial. It is as if the state and the court utilized the aspects from opposing doctrines which would fit the future perjury charge the best. An explanation of circumstances is not required in a typical guilty plea, but the trial court required it here, and from the defendant himself at that. An explanation of circumstances is required in a no contest plea or Alford plea; however, appellant was specifically barred from protesting his innocence if he wanted to obtain the benefit of the plea agreement. SeeState v. Kramer, 7th Dist. No. 01CA107, 2002-Ohio-4176 (the court need not explore the factual basis of a guilty plea unless the defendant enters an Alford or no contest plea).
 {¶ 40} One could argue that as per Crim.R. 11(B)(1), a guilty plea is a complete admission of guilt anyway. However, a confession on the record of a plea hearing is much more prejudicial than a simple guilty plea. Moreover, were it not for the state's specific insistence that he not enter an Alford
plea, he may very well have protested his innocence just as he was answering the court's question as to how he was going to plead. In fact, in the typical Alford plea, the defendant protests his innocence at the end of the colloquy when the court asks him to formally enter his plea. See North Carolina v.Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Statev. Piacella (1971), 27 Ohio St.2d 92 (introducing the Alford
plea doctrine).
 {¶ 41} There is no indication in the case law that the state can withdraw its plea agreement if the defendant makes such protestations; the state makes absolutely no suggestion that such would be the case. Rather, the case law merely requires the court to delve deeper into defendant's understandings regarding the plea. See Id. Expressly requiring a defendant to make a non-Alford plea in order to accept a certain plea bargain is a disingenuous tactic when the state is attempting to set up its future perjury case of which the defendant was unaware. SeePiacella, 27 Ohio St.2d at 94 (the defendant may plead guilty but simultaneously deny participation in the crime).
 {¶ 42} Moreover, although the court may ask for the details of the incident in order to determine if it could conscientiously accept a plea to a lesser offense, there is no requirement that the defendant explicitly confess in order to enter a plea. The state could have supplied the details supporting the plea to the court just as it does in a no contest or Alford plea.
 {¶ 43} In conclusion, we have determined that under theunique circumstances in this case, appellant's due process rights were violated where the state waited to indict him for perjury until after it ensured that he incriminated himself at his plea hearing on charges which formed the basis for the perjury charge. This assignment of error is meritorious.
 {¶ 44} For the foregoing reasons, appellant's conviction for perjury is reversed, and appellant is discharged.
Waite, P.J., concurs, Donofrio, J., concurs.