{¶ 14} Because I disagree with the majority's resolution of appellant's first assignment of error, I respectfully dissent.
 {¶ 15} "The state is charged with the duty of presenting evidence, beyond a reasonable doubt, as to each and every element of the crime as set forth in the indictment." State v. Mills (May 16, 1986), Erie App. No. E-85-28. Besides proof of each element of an offense, the state must also demonstrate the identity of the defendant as the perpetrator beyond a reasonable doubt. State v. Cook (1992), 65 Ohio St.3d 516, 526. Merely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity. See State v. Marcum,
Columbiana App. No. 03 CO 36, 2004-Ohio-3036, ¶ 22; In re Lipford,
Carroll App. No. 01AP756, 2001-Ohio-3383.
 {¶ 16} The majority has recited those portions of the record related to the state's effort to prove appellant's identity. The state made no other attempt to prove that appellant was the man that Trooper Williams stopped for speeding. Upon review of this evidence, it is my conclusion that the state proved nothing more than the fact that appellant's name is that of the alleged offender. This is insufficient to prove the element of identity beyond a reasonable doubt. See Id. Consequently, the trial court erred by not granting appellant's motion for a directed verdict. I would sustain appellant's first assignment of error and vacate the conviction. Accord State v. McVey (Feb. 11, 2000), Erie App. No. E-99-026; Lipford; Mills.