[Cite as *State v. Gray*, 2010-Ohio-2530.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   09 MA 33 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| RICHARD GRAY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown Municipal
Court, Case No. 08TRD3156.

JUDGMENT:                                    Affirmed.


APPEARANCES:
For Plaintiff-Appellee:              Attorney Joseph Macejko
                                              Prosecuting Attorney
                                              Attorney Bret Hartup
                                              Senior Assistant Law Director
                                              26 South Phelps Street
                                              Youngstown, Ohio  44503

For Defendant-Appellant:          Attorney Douglas King
                                              91 West Taggart Street,
                                              P.O. Box 85
                                              East Palestine, Ohio  44413


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: June 4, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Richard Gray appeals the decision of the Youngstown Municipal Court finding him guilty of driving under suspension, a violation of R.C. 4510.11(A) and, Obedience to Traffic Control Device, a violation of Youngstown Ordinance 313.01. Two issues are raised in this appeal. The first is whether the state produced sufficient evidence to prove that Gray was the individual who committed the offenses. The second issue is whether the conviction is against the manifest weight of the evidence. For the reasons expressed below, the judgment of the trial court is hereby affirmed.

STATEMENT OF THE FACTS AND CASE

¶{2} On July 9, 2008, Youngstown State University Police Sergeant Brian Remias observed a 1991 gray Buick Century fail to stop at Champion and East Rayen, run over the curb while turning onto East Rayen and almost hit his patrol car. (Tr. 7, 8). Sergeant Remias activated his lights and sirens. (Tr. 7). The 1991 gray Buick Century eventually stopped on East Wood Street in front of the Gutknecht Towers apartment building. (Tr. 10). Sergeant Remias approached the car, observed that there was only the driver in the car and asked the driver for his license and registration. Since the driver did not have identification on him, he gave the sergeant a social security number and a date of birth. Sergeant Remias ran that information through Law Enforcement Automated Data System (LEADS). LEADS indicated that the social security number and date of birth belonged to Richard Gray and provided a physical description of Gray. From the LEADS description and an identification made by a person in the parking lot of Gutknecht Towers, the sergeant was satisfied that the driver was Richard Gray and issued him a citation. He was cited for failing to stop at a stop sign and also since LEADS indicated that Gray's license was suspended, he was cited for driving under suspension.

¶{3} The case went to trial on January 26, 2009. At trial, Gray asserted that he was not the individual driving the car; he claimed that the driver had given the sergeant his social security number and date of birth. After hearing the evidence, the

trial court found Gray guilty of both offenses. For driving under suspension he was fined $150 plus court costs. For failing to obey a stop sign he was fined $50 plus court costs. He was additionally placed on probation for a year and ordered to perform 200 hours of community service within 45 days. 01/26/09 J.E. This timely appeal follows.

<u>FIRST ASSIGNMENT OF ERROR</u>

¶{4} "THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE AS TO THE IDENTITY OF THE DEFENDANT/APPELLANT."

¶{5} Sufficiency of the evidence is a question of law that deals with adequacy rather than the more discretionary concept of weight of the evidence. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court determines that no rational fact-finder could have found that the elements of the offense were proven beyond a reasonable doubt. *State v. Goff*, 82 Ohio St.3d 123, 138, 1998-Ohio-369. In conducting this review, we evaluate the evidence in the light most favorable to the prosecution. Id.

¶{6} In arguing that the state failed to produce sufficient evidence, Gray does not focus his argument on the statutory elements of driving under suspension or the ordinance elements for failing to obey a stop sign. Instead, his argument concentrates on the state's alleged failure to identify him as the driver of the 1991 gray Buick Century.

¶{7} It is an axiom in Ohio that in addition to proof of each element of an offense, the state must also demonstrate the identity of the defendant as the perpetrator of the crime beyond a reasonable doubt. *State v. Marcum*, 7th Dist. No. 03CO36, 2004-Ohio-3036, ¶22, citing *State v. Cook* (1992), 65 Ohio St.3d 516, 526. See, also, *State v. Scott* (1965), 3 Ohio App.2d 239, 244. Merely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity. *Marcum*, 7th Dist. No. 03CO36, 2004-Ohio-3036, at ¶23. There needs to be more than mere identity of names, such as an in court identification of the defendant as the person who committed the crime. However, it is not necessary that the witness be one hundred percent certain of his or her in court identification of the defendant as the perpetrator of the crime. *Scott*, 3 Ohio App.2d at 244. "The degree of a witness's

certainty goes to weight to be given to his testimony, which is a matter for the trier of fact to determine, and not to its sufficiency as a matter of law in establishing the prosecution's prima facie case." *State v. Capanna* (Sept. 20, 1989), 9th Dist. No. 14104. See, also, *Scott,* 3 Ohio App.2d at 244-245.

¶{8} After reviewing the evidence in the light most favorable to the state, we find that the state met its burden of production for identification. Here, the state did not merely offer evidence that the citation was issued to Richard Gray and that the defendant's name was Richard Gray. Rather, Sergeant Remias positively identified the defendant as Gray and avowed that Gray was more likely than not the person that he stopped. (Tr. 7, 24). Admittedly, Sergeant Remias did testify that it was **possible** that Gray was not the man he stopped. (Tr. 18-19). However, as explained above, the certainty of his identification does not render the evidence of identification insufficient, but rather his possible uncertainty is a fact that can be used to argue that the verdict was against the weight of the evidence. Consequently, this assignment of error lacks merit.

SECOND ASSIGNMENT OF ERROR

¶{9} "DEFENDANT/APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

¶{10} Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. *Thompkins,* 78 Ohio St.3d at 387. In reviewing a manifest weight of the evidence argument, the reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. That said, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

¶{11} A reversal on weight of the evidence is ordered only in exceptional circumstances. *Thompkins,* 78 Ohio St.3d at 387.

¶{12} Gray's argument regarding weight is similar to the argument that he made under the first assignment of error. He contends that the evidence produced at trial weighs heavily against the finding that he was the driver of the 1991 gray Buick Century that was stopped by Sergeant Remias.

¶{13} At trial, three witnesses testified: Sergeant Remias, Fredrick Saunders and Gray. Starting with Sergeant Remias' testimony, at trial he testified that the stop occurred around 8:30 p.m. in front of Gutknecht Towers, an apartment building. (Tr. 3, 10). The driver of the Buick did not have identification and instead gave him a social security number and date of birth. (Tr. 10-11). When that information was run through LEADS, it indicated that the social security number and date of birth belonged to Gray. (Tr. 10-11). LEADS also provided an address and physical description of Gray. (Tr. 10, 19). Gray's address was 110 East Wood Street, which is Gutknecht Towers. (Tr. 11). For the physical description, it stated an actual age, height, weight, hair color and eye color. (Tr. 23). While Sergeant Remias did not testify as to what the actual description given by LEADS was, he did avow that physical description for Richard Gray matched the driver. (Tr. 19). Furthermore, Officer Remias asked an individual standing in front of Gutknecht Towers if he knew the driver and the individual identified the driver as Gray. (Tr. 12).

¶{14} Despite the above, Officer Remias admitted during cross-examination that it is possible that he does not accurately remember Gray and that he could be mistaken as to Gray's identity as the driver. (Tr. 18-19). However, on redirect he explained that statement:

¶{15} "Q. Now, when you said it is possible that it couldn't be him when Counsel asked that question, is that because this happened in July?"

¶{16} "A. Yes, with the time.

¶{17} "* * *

¶{18} "Q. So you are not going to stand here and say with 100 percent certainty that's the man that you stopped, is that correct?

¶{19} "A. Correct.

¶{20} "Q. And the reason for you not saying that is what?

¶{21} "A.  Because of the time from July until now [January] and I wouldn't want to see the wrong person get convicted of this.

¶{22} "Q.  Fair enough.  All the information that you had in July that you were able to testify to as to assuring yourself that was Mr. Gray at the time of the stop was sufficient enough in your mind that you had, in fact, arrested Mr. Gray for that citation"

¶{23} "A.  That's correct." (Tr. 24-25).

¶{24} Fredrick Saunders, owner of the 1991 gray Buick Century and part owner of, Chariot Auto, testified next.  (Tr. 27).  He testified that on July 9, 2008, John Nelson, one of his employees, used the car and that as far as he knew Nelson was the only one that had the vehicle.  (Tr. 29).  He testified that at 5:30 p.m. or 6:00 p.m., Nelson returned to Chariot Auto and explained that the car had been towed to Ludt's Towing.  (Tr. 30).  The only physical description Saunders provided of Nelson was that he was between the ages of 55 to 64.  (Tr. 31).  He indicated that Nelson was a drifter, he is no longer his employee and that he does not know where Nelson is now.  (Tr. 31-32).

¶{25} Lastly, Gray testified.  (Tr. 32-38).  He avowed that he has never seen the 1991 gray Buick Century, let alone operate it.  (Tr. 36).  He indicated that he did not know of the ticket until he got a summons from the clerk of courts.  (Tr. 34).  His defense seemed to be that someone, specifically John Nelson, drove the car and used his social security number and date of birth when stopped by Sergeant Remias.

¶{26} Considering all the evidence, it does not appear that the trier of fact, which in this instance was the court, clearly lost its way when it found Gray was the driver of the 1991 gray Buick Century, and thus guilty of the offense.  Admittedly, Sergeant Remias was not a hundred percent certain of his identification of Gray, but he did indicate that Gray was more likely than not the driver of the car.  When the information given by the driver was entered into LEADS it provided a physical description of Gray that matched the driver.  Furthermore, in addition to the physical description, the sergeant also asked a bystander if he knew the driver and the bystander identified the driver as Gray.  Given this information, the trial court could have believed beyond a reasonable doubt that Gray was the driver.

¶{27} It is also noted that Gray's reliance on Saunders' testimony to show that Nelson was driving the car does not help. Saunders' testimony, if believed, established that Nelson took the car and returned it at the latest at 6:00 p.m. on the day in question. Sergeant Remias testified and the ticket confirms that the stop occurred around 8:30 p.m. Consequently, Saunders' testimony does not correspond with the ticket or Sergeant Remias' testimony and, as such, renders his testimony partially suspect. Furthermore, Saunders' testimony did not provide a physical description of Nelson, all Saunders indicated was that Nelson was between 55 and 64 years old. The evidence in the record indicates that Gray was born September 3, 1948, and as such at the time of the offense in July 2008 he was 59 years old. While their ages may correspond, without a further description of Nelson and when considering Sergeant Remias' testimony, it is difficult to conclude the trial court lost its way and created a manifest miscarriage of justice when it found Gray guilty. This assignment of error lacks merit.

¶{28} Neither assignment of error has merit. The state met its burden of production and the verdict was not against the manifest weight of the evidence.

## CONCLUSION

¶{29} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.