[Cite as *State v. Sandercock*, 2018-Ohio-2448.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0061** |
| DALE THOMAS SANDERCOCK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00656.

Judgment: Reversed and vacated.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Dale Thomas Sandercock, appeals from the judgment of the Ashtabula County Court of Common Pleas, after a trial by jury, convicting him of one count of failure to appear, in violation of R.C. 2937.99(A), (B), a felony of the fourth degree. We reverse and vacate appellant's conviction.

{¶2} The following testimony was adduced at trial: Mr. Sandercock was originally charged, in case number 2016 CR 426, with one count of felonious assault, a

felony of the second degree. Counsel stipulated appellant was released on a personal recognizance bond, and the case involved a felony charge. Attorney Joseph Humpolick, an assistant public defender who retired shortly before the underlying trial, was Mr. Sandercock's attorney of record in the 2016 case. Attorney Humpolick testified he met with Mr. Sandercock at his office in Ashtabula on August 24, 2016. He further testified he provided Mr. Sandercock with a document, which he signed, outlining future hearing dates, including an October 14, 2016 pretrial conference. Attorney Humpolick also provided Mr. Sandercock with other documents relating to discovery in the matter.

{¶3} On October 13, 2016, a pretrial was held and Mr. Sandercock did not attend the hearing. Attorney Humpolick subsequently sent Mr. Sandercock a letter to notify him that he missed the hearing and advised his client to turn himself in to authorities. As a result of appellant's absence at the October hearing, he was indicted on one count of failure to appear.

{¶4} The state rested following Attorney Humpolick's testimony and Defense counsel moved for acquittal, pursuant to Crim.R. 29. Defense counsel argued the state failed to identify Mr. Sandercock during its case-in-chief; counsel maintained there was no evidence presented to actually tie the Dale Sandercock on trial to the crime charged. Counsel further argued the state failed to present sufficient evidence that Mr. Sandercock acted recklessly in failing to appear. The trial court overruled the motion without a rationale.

{¶5} The defense's evidence included testimony of Rebecca Sandercock, Mr. Sandercock's daughter-in-law, who testified she and her husband live in Northfield, in Summit County, Ohio. She stated Mr. Sandercock moved into their home in August

2016. Rebecca drove Mr. Sandercock to his August 24, 2016 appointment with Attorney Humpolick and he returned with a packet of papers after the meeting. Rebecca testified Mr. Sandercock conveyed what he and Attorney Humpolick discussed, including future court dates. According to Rebecca, Mr. Sandercock indicated the first hearing might be rescheduled and his attorney would contact him if the date did not change. She testified Mr. Sandercock noted a November 21 hearing and a December 20 hearing on his calendar and represented the case was important to him.

{¶6} On October 31, 2017, Rebecca retrieved the mail and gave Mr. Sandercock a letter from Attorney Humpolick that stated he had missed a court date and a warrant had been issued for his arrest. Mr. Sandercock's son, Rick Sandercock, testified he drove his father to the jail early the next morning. Mr. Sandercock turned himself in and Sergeant Donald Dietrich, the Assistant Jail Administrator at the Ashtabula County Sheriff's Department, testified Attorney Humpolick's letter was part of Mr. Sandercock's property when he arrived.

{¶7} Mr. Sandercock testified he has serious lung and heart conditions and he is on a variety of medications. In August 2016, he had recently moved in with his son and daughter-in-law and noted he had not unpacked most of his belongings. He acknowledged meeting with Attorney Humpolick in August 2016 for "quite some time" and received a "stack of papers in an envelope." He further recognized the gravity of failing to attend any of the scheduled hearings. And, he testified, his absence from the October hearing was not due to heedless indifference, but that he was simply "sloppy about keeping track." Upon receiving Attorney Humpolick's letter in late October, he

3

testified he called the attorney's office and they advised him to "turn yourself in," which he did.

{¶8} Upon conclusion of its deliberations, the jury found Mr. Sandercock guilty of the offense. Counsel filed a written motion for a pre-sentence investigation report, which the court denied. Mr. Sandercock was subsequently sentenced to a 12-month term of imprisonment. He now appeals and assigns three errors for this court's review. His first assignment of error provides:

{¶9} "The trial court erred to the prejudice of the defendant by failing to grant his Rule 29 motion for acquittal; furthermore, the jury's verdict was against the manifest weight of the evidence."

{¶10} We shall begin by addressing appellant's challenge to the sufficiency of the evidence upon which his conviction was premised. A "sufficiency" argument raises a question of law as to whether the prosecution offered some evidence concerning each element of the charged offense. *State v. Windle,* 11th Dist. Lake No. 2010-L-0033, 2011-Ohio-4171, ¶25. "[T]he proper inquiry is, after viewing the evidence most favorably to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062 ¶9 (11th Dist.).

{¶11} Mr. Sandercock first argues the prosecutor failed to establish his identity. He points out neither the state's sole witness, Attorney Humpolick, directly identified him, nor did any exhibit identify him as the defendant in this case. He further asserts there was insufficient circumstantial evidence in the state's case-in-chief to connect him

4

as the individual who engaged in the acts or omissions which led to the underlying conviction.

{¶12} The state has a duty to prove, beyond a reasonable doubt, each element of the crime set forth in the indictment. *See e.g. State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶15. Additionally, the state must also demonstrate the identity of the defendant as the perpetrator beyond a reasonable doubt. *State v. Cook*, 65 Ohio St.3d 516, 526 (1992). Ohio courts have "long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt," as circumstantial evidence is accorded equal weight and given the same deference as direct evidence. *State v. McKnight,* 107 Ohio St.3d 101, 2005-Ohio-6046, ¶75. Moreover, Ohio courts have specifically held that the identity of a defendant as the perpetrator of the crime in question may be proven by indirect evidence. *See e.g. State v. Baxla*, 4th Dist. Highland No. 656, 1988 WL 65644, *3 (June 3, 1988). For instance, witness testimony referring to the person on trial as "the defendant," in conjunction with the state establishing that "the person committing the offense was arrested and charged and the defendant appeared at trial in response to the charge," Crim.R. 29(A) motion for judgment of acquittal." *Id. See also State v. Brown*, 12th Dist. Warren No. CA 2006-10-120, 2007-Ohio-5787, ¶31 (state trooper testified he had "opportunity to speak with *the defendant* after she was apprehended * * *. Emphasis added.) *State v. Lucas*, 5th Dist. Morgan No. CAO4007, 2005-Ohio-3468, ¶20 (officer questioned by defense counsel asked what he "saw when [he was] leading *my client* * * * out in handcuffs. (Emphasis added.)

{¶13} Courts have held, however, "merely establishing that the defendant's name is the same as that of the alleged offender *is insufficient* to prove identity." (Emphasis added.) *State v. Bailey*, 2d Dist. Montgomery No. 27177, 2017-Ohio-2679, ¶18, citing *State v. Gray*, 7th Dist. Mahoning No. 09 MA 33, 2010-Ohio-2530, ¶7, citing *State v. Marcum*, 7th Dist. Columbiana No. 03 CO 36, 2004-Ohio-3036, ¶23; see *also State v. Hatfield*, 10th Dist. Franklin No. 04AP-402, 2004-Ohio-6450, ¶16; *State v. O'Neil*, 107 Ohio App.3d 557, 561 (6th Dist.1995).

{¶14} At trial, there was sufficient testimony to establish that a male with the name Dale Sandercock was the person who was represented by Attorney Humpolick; that Dale Sandercock was advised of the various hearing dates for the 2016 felonious assault case; that Dale Sandercock failed to appear at the October hearing; that Dale Sandercock was later advised, via letter sent by Attorney Humpolick, that his failure resulted in a warrant for his arrest; and that Dale Sandercock subsequently turned himself in to the Ashtabula County Jail.

{¶15} The first issue raised by defense counsel's motion for acquittal was whether there was any evidence that the Dale Sandercock, who was indicted and standing trial, was the Dale Sandercock who was discussed during the state's case-in-chief. Defense counsel emphasized the prosecutor made no attempt at identification during the state's case-in-chief. The record supports counsel's contention.

{¶16} The state's only witness, Attorney Humpolick, was never asked to identify the man standing trial as his former client. Moreover, neither Attorney Humpolick, the prosecutor, nor defense counsel on cross-examination identified the man standing trial as the perpetrator of the offense or "the defendant." The state presented circumstantial

6

evidence that the person who did not appear at the October hearing was named Dale Sandercock (by virtue of the case caption and the fact that a prosecution was taking place). Apart from having the same name, however, there was no direct or circumstantial evidence that the man standing trial was that person.

{¶17} The state does not specifically dispute the foregoing points. Instead, it points out that "prior to voir dire, the trial court stated, 'Dale Sandercock is the defendant in this case.'" The court asked appellant to stand, and he did. The state further emphasizes that Attorney Humpolick met with and represented "a Dale Sandercock." Attorney Humpolick confirmed he did and discussed the interactions and contact he had with "Dale Sandercock." Finally, albeit strangely, the state emphasizes appellant identified himself, during the *defense's* presentation of evidence, as Dale Sandercock.

{¶18} With respect to the first point, the court's pre-voir dire, pre-trial identification was not evidence presented to the trier of fact at trial; and, in any event, it is the state's burden, not the court's, to prove identity. *See Tate*, *supra.* Furthermore, Attorney Humpolick's testimony that he represented "a Dale Sandercock" only underscores the problem identified by defense counsel in her motion for acquittal. "a" Dale Sandercock does not identify appellant as "the" Dale Sandercock on trial. Finally, a sufficiency argument, or a Crim.R. 29 motion concerns *the state's* burden of production and tests whether *the prosecution* presented adequate evidence for the case to go to the jury. *See e.g. Windle*, *supra.* Accordingly, appellant's identification during the defense's presentation of evidence was entirely irrelevant to the sufficiency inquiry. And, perhaps more importantly, such testimony would not have been on record had defense counsel's motion been granted.

{¶19} The Second Appellate District was recently faced with a similar issue in *Bailey*, *supra*. In that case, Lavetta Bailey was charged and found guilty of assault after a trial by jury. The state's evidence established two emergency medical personnel responded to a fight at a bar where they found, inter alia, a belligerent, yet visibly injured woman. They were able to transport her into their ambulance and, upon arrival at the hospital, the woman struck one of the individuals in the head with a closed fist. At trial, neither the emergency personnel nor a responding officer could identify Bailey as the perpetrator of the assault. After the state rested, Bailey moved for acquittal because no one had identified her as the person who assaulted the victim. The trial court overruled the motion, stating:

> {¶20} "I concede this is a very, very close call by the Court. Very close. And if it were simply the identity, the name Lavetta Bailey, the motion for directed verdict would be sustained. But it's more than simply the name. It is the name. That is a factor, and it's the name Lavetta Bailey. But it's the cross examination of these various witnesses in which the questions by defense counsel assume as a given that it was the defendant who was the individual with whom these officers encountered. And so that or that reason that motion for directed verdict is overruled." *Id.* at ¶13.

{¶21} The Second District reversed the trial court's decision and found the state failed to prove Bailey's identity. The court emphasized that no witness at trial identified Lavetta Bailey, the woman on trial, as the assailant. The court further noted that "[e]vidence was presented that 'identifiers' such as a Social Security number and date of birth were obtained either by the ambulance personnel, Officer Roesser, or hospital personnel, but the testimony conflicted about who had obtained such information, and no specific evidence was admitted as to what Social Security number or date of birth was collected and entered into Roesser's computer at the hospital." *Id* at ¶22. Finally,

8

the appellate court underscored that the trial court's reliance on defense counsel's questions on cross-examination was misplaced. The court observed that simply because defense counsel referred to "Ms. Bailey" and used the word "she" in questions was inconsequential because it was unclear whether the witnesses construed his questions as referring to the woman on trial or the woman who committed the offense. *Id.* at ¶25. And, in any event, as the court pointed out, questions of counsel are not "evidence." *Id.* at ¶26.

**{¶22}** Similar to *Bailey*, appellant was not identified as the perpetrator of the charged crime. And the exhibits submitted by the state fail to provide this necessary connection. The exhibits simply detail information relating to previous proceedings involving one, Dale Sandercock; again, however, this does not establish the requisite nexus between the man on trial and the individual who allegedly failed to appear. The only commonality is the name Dale Sandercock, which, as emphasized above, is insufficient to prove identity. *Bailey*, *supra; Gray*, *supra* ("There needs to be more than mere identity of names, such as an in court identification of the defendant as the person who committed the crime."); *Marcum*, *supra* ("Establishing that the defendant's name is the same as the name of the person whom witnesses testified committed the crime is not sufficient evidence of identity."); *Hatfield*, *supra* ("Establishing the defendant's name to be the same as that of the person who witnesses testified committed the crime is generally insufficient evidence of identity."); *O'Neil, supra* ("Applying the *Jenks* [sufficiency] standard of viewing the evidence most favorably toward the state, the most any reasonable person might infer is that the O'Neil in this case is probably the same

9

O'Neil in the 1984 case. But 'probably' does not reach proof beyond a reasonable doubt * * *").

{¶23} Here, in order to conclude the Dale Sandercock standing trial was the Dale Sandercock referred to in the state's case-in-chief, required the jury to assume identity. "When an inference, which forms the basis of a conviction, is drawn solely from another inference and that inference is not supported by any additional facts or inferences drawn from other established facts, the conviction is improper." *State v. Payne,* 11th Dist. Ashtabula No. 2014-A-0001, 2014-Ohio-4304], ¶ 23. *See also State v. Armstrong*, 11th Dist. Portage No. 2015-P-0075, 2016-Ohio-7841, ¶23; *State v. Maynard,* 10th Dist. Franklin No. 11AP-697, 2012-Ohio-2946, ¶27. Based upon the evidence presented by the state, reasonable minds could not have concluded the Dale Sandercock, who was on trial for failure to appear, was the perpetrator of the offense at issue. The state therefore failed to produce sufficient evidence to sustain Mr. Sandercock's conviction. In this regard, the trial court erred when it overruled defense counsel's Crim.R. 29 motion.

{¶24} Given the foregoing disposition, we need not address Mr. Sandercock's manifest-weight argument.

{¶25} Appellant's first assignment of error has merit.

{¶26} Appellant's remaining assignments of error provide:

{¶27} "[2.] The trial court erred when it compelled appellant's prior counsel to testify regarding appellant's failure to appear and allowed the jury to consider as written evidence communications between counsel and the appellant

{¶28} "[3.] The trial court erred when it sentenced appellant to a prison term on a fourth degree felony without any indicated prior criminal history and without a presentence report which was requested by counsel."

{¶29} Because we vacate Mr. Sandercock's conviction, pursuant to our disposition of his first assignment of error, his remaining assignments of error are overruled as moot.

{¶30} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is reversed and vacated.


THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.