[Cite as *State v. Traish*, 2026-Ohio-2133.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-A-0062 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MUHAMMAD TRAISH, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00057 |

## OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Reversed and vacated

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*John T. Martin* and *Michael I. Marein*, Marein & Bradley, L.L.C., 1300 East 9th Street, Suite 1000, Cleveland, OH 44114 (For Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1} Appellant, Muhammad Traish, appeals his convictions for Trafficking in Harmful Intoxicants and Improperly Dispensing or Distributing Nitrous Oxide following a jury trial in the Ashtabula County Court of Common Pleas.

{¶2} Appellant raises five assignments of error, arguing that (1, 2) the evidence was insufficient to sustain his two convictions; (3) his convictions are against the manifest weight of the evidence; (4) the trial court committed plain error in admitting the contents of a phone call and county-auditor records; and (5) he received ineffective assistance of trial counsel.

{¶3} Having reviewed the record and the applicable law, we sustain Appellant's first and second assignments of error. We find that the evidence was insufficient to prove Appellant's identity as the perpetrator of the offenses beyond a reasonable doubt. In particular, the State's evidence did not establish the requisite nexus between the perpetrator and Appellant. Therefore, we reverse the judgment of the Ashtabula County Court of Common Pleas and vacate Appellant's convictions.

**Substantive and Procedural History**

{¶4} This case involves Appellant's convictions in relation to the sale of a "whippet" to an undercover detective at a "smoke shop" in Jefferson, Ohio.

{¶5} On October 22, 2024, Det. Perry from the Ashtabula County Sheriff's Office entered the Jefferson Convenient and Smoke Shop in Jefferson, Ohio, in an undercover capacity to make a controlled purchase of nitrous oxide. Det. Perry asked the store clerk, Nour Baninemra, if he had any "whippets" for sale. According to Det. Perry, a "whippet" is a "small pressurized canister of nitrous oxide." Det. Perry explained that if a person were buying nitrous oxide for culinary purposes, that person would not refer to it as a "whippet." Baninemra sold Det. Perry a canister of nitrous oxide that had been located on a shelf along with tobacco and vape products. Baninemra also gave Det. Perry a black nozzle. According to Det. Perry, an intoxicant abuser inserts the nozzle into a balloon, inflates the balloon with nitrous oxide, and inhales the gas. Baninemra did not ask Det. Perry to sign a card documenting and certifying the sale of nitrous oxide. Appellant was not present at the store during the controlled purchase.

{¶6} Meanwhile, Det. Grabman was outside monitoring Det. Perry's controlled purchase via a recording device. After the purchase, Det. Grabman entered the store.

Case No. 2025-A-0062

Baninemra called his "boss" on the phone, who Det. Grabman believed was named "Muhammad" (which is also Appellant's first name). Det. Grabman identified himself as law enforcement and told "Muhammad" that the store's sale of nitrous oxide was illegal. "Muhammad" responded that he did not know it was illegal and that he would immediately remove the remaining items from "his stores" or from "his shelves."

{¶7} During the course of his investigation, Det. Perry searched Appellant's name through the BMV imaging on his computer and retrieved the driver's license photograph. Det. Perry identified Appellant at trial as the person in the photograph.

{¶8} In addition, Det. Grabman ran an "auditor's check" and determined that HT Emory Holdings, LLC, is the owner of the building in which the store is located. Det. Grabman also searched the secretary of state's website and determined that a person named "Muhammad Traish" is the "statutory agent" or "registered agent" for HT Emory Holdings, LLC. Det. Grabman also determined that "Jefferson Convenient and Smoke Shop" is "its own separate LLC" and that "Nour Baninemra" is its registered agent. Det. Grabman's understanding was that a "registered agent" is the owner of the business.

{¶9} Two days after the controlled purchase, on October 24, 2024, Det. Grabman executed a search warrant at the store and did not find any records involving the sale of nitrous oxide. Appellant was not present at the store during the search.

{¶10} On February 20, 2025, the Ashtabula County Grand Jury indicted Appellant on two counts: Trafficking in Harmful Intoxicants, a fifth-degree felony in violation of R.C. 2925.32(A)(1) and (D)(1) (count 1), and Improper Dispensing or Distributing Nitrous Oxide, a fourth-degree misdemeanor in violation of R.C. 2925.32(B)(4)(a) and (D)(2) (count 2).

Case No. 2025-A-0062

{¶11} On March 7, 2025, Appellant appeared for arraignment with counsel and entered not-guilty pleas.

{¶12} On June 12, 2025, the Ashtabula County Grand Jury re-indicted Appellant on two counts, with the only difference between the two indictments being that Appellant was subsequently charged in count 1 with violating R.C. 2925.32(B)(1) instead of (A)(1).

{¶13} On July 3, 2025, Appellant appeared for arraignment with counsel on the re-indictment and entered not-guilty pleas.

{¶14} On September 30, 2025, the matter was trial to a jury. The State presented testimony from Det. Perry and Det. Grabman. As exhibits, the State submitted video footage from the controlled purchase and photographs of the nitrous oxide canister, the black nozzle, and the frontage of the store. The State then rested.

{¶15} Appellant moved for acquittal pursuant to Crim.R. 29(A). At a sidebar, the parties engaged in a discussion with the trial court. The State indicated that it would request a jury instruction on Complicity. Over Appellant's objection, the trial court permitted the State to reopen its case-in-chief to present additional testimony from Det. Grabman regarding his execution of the search warrant. The State against rested.

{¶16} Over Appellant's objection, the trial court granted the State's request to instruct the jury on Complicity for both counts.

{¶17} Appellant rested without presenting testimony or exhibits and renewed his Crim.R. 29(A) motion for acquittal, which the trial court denied.

{¶18} The next day, on October 1, 2025, the jury found Appellant guilty on both counts.

{¶19} On October 14, 2025, Appellant filed a written Crim.R. 29(C) motion for acquittal, which he supplemented on October 27, 2025. On October 28, 2025, the State filed a response in opposition.

{¶20} On October 30, 2025, the trial court held a sentencing hearing. After hearing argument from counsel, the trial court denied Appellant's Crim.R. 29(C) motion for acquittal. The court sentenced Appellant to two years of community control, fines of $2,500 on count 1 and $250 on count 2, and costs.

{¶21} On October 31, 2025, the trial court filed the sentencing entry.

{¶22} On November 12, 2025, Appellant timely appealed. On the same date, Appellant also filed a motion in the trial court to stay execution of his sentence. On November 13, 2025, the trial court denied Appellant's motion for a stay.

{¶23} Appellant raises five assignments of error.

## Sufficiency of the Evidence

{¶24} We review Appellant's first and second assignments of error together.

{¶25} Appellant's first assignment of error states: "THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION IN COUNT ONE–TRAFFICKING IN HARMFUL INTOXICANTS."

{¶26} Appellant's second assignment of error states: "THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION IN COUNT TWO–IMPROPERLY DISPENSING OR DISTRIBUTING NITROUS OXIDE."

{¶27} Appellant's first and second assignments of error challenge the sufficiency of the evidence to support the jury's guilty verdicts.

Case No. 2025-A-0062

{¶28} "'"Sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 23, quoting *Black's Law Dictionary* (6th Ed. 1990). "In essence, sufficiency is a test of adequacy." *Id*. "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Id*. "[A] conviction based on legally insufficient evidence constitutes a denial of due process." *Id*.

{¶29} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 1997-Ohio-372, ¶ 51. "[W]hen conducting a sufficiency of the evidence analysis, this [C]ourt is to look at the actual evidence admitted at trial, both admissible and inadmissible." *State v. Rose*, 2015-Ohio-2607, ¶ 34 (11th Dist.).

{¶30} In count 1, Appellant was found guilty of Trafficking in Harmful Intoxicants in violation of R.C. 2925.32(B)(1), which provides, "No person shall knowingly dispense or distribute nitrous oxide to a person age twenty-one or older if the person who dispenses or distributes it knows or has reason to believe the nitrous oxide will be used in violation

Case No. 2025-A-0062

of section 2925.31 of the Revised Code." R.C. 2925.31(A), in turn, provides, "Except for lawful research, clinical, medical, dental, or veterinary purposes, no person, with purpose to induce intoxication or similar physiological effects, shall obtain, possess, or use a harmful intoxicant."

{¶31} In count 2, Appellant was found guilty of Improper Dispensing or Distributing Nitrous Oxide, a fourth-degree misdemeanor in violation of R.C. 2925.32(B)(4)(a), which provides, "No person who dispenses or distributes nitrous oxide in cartridges shall fail to comply with . . . [t]he record-keeping requirements established under division (F) of this section." R.C. 2925.32(F), in turn, requires "a person who dispenses or distributes nitrous oxide" to "record each transaction . . . on a separate card"; to "require the purchaser to sign the card and provide a complete residence address"; and to "sign and date the card." The person is also required to "retain the card . . . for one year from the date of the transaction" and to

> maintain the cards at the person's business address and make them available during normal business hours for inspection and copying by officers or employees of the state board of pharmacy or of other law enforcement agencies of this state or the United States that are authorized to investigate violations of Chapter 2925., 3719., or 4729. of the Revised Code or the federal drug abuse control laws.

{¶32} R.C. 2923.03, the Complicity statute, provides, in relevant part, that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall . . . (1) [s]olicit or procure another to commit the offense; [or] (2) [a]id or abet another in committing the offense . . . ." R.C. 2923.03(A)(1) and (2). "Whoever violates [R.C. 2923.03] is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender." R.C. 2923.03(F). "A charge of complicity may be stated in terms of [R.C. 2923.03], or in terms of the principal offense." *Id*.

Case No. 2025-A-0062

{¶33} Appellant argues that the evidence was insufficient to prove that (1) he was involved in store operations; (2) he was complicit in the commission of the charged offenses; or (3) he had reason to believe that Det. Perry purchased the nitrous oxide for use as an intoxicant. We find Appellant's first argument to be dispositive.

{¶34} In addition to each element of a charged offense, the State must prove the identity of the defendant as the perpetrator beyond a reasonable doubt. *State v. Goldner*, 2024-Ohio-1854, ¶ 40 (11th Dist.); *State v. Sandercock*, 2018-Ohio-2448, ¶ 12 (11th Dist.). *See State v. Cook*, 65 Ohio St.3d 516, 526 (1992). Identity may be proven by circumstantial evidence. *Goldner* at ¶ 40. "Circumstantial evidence is . . . '[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.'" *State v. Nicely*, 39 Ohio St.3d 147, 150 (1988), quoting *Black's Law Dictionary* (5th Ed. 1979). "[W]hen circumstantial evidence forms the basis of a conviction, that evidence must prove collateral facts and circumstances, from which the existence of a primary fact may be rationally inferred according to common experience." *State v. Windle*, 2011-Ohio-4171, ¶ 34 (11th Dist.). "Circumstantial evidence and direct evidence inherently possess the same probative value . . . ." *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus.

{¶35} However, this Court and others have held that "'merely establishing that the defendant's name is the same as that of the alleged offender *is insufficient* to prove identity.'" (Emphasis in original.) *Sandercock* at ¶ 13, quoting *State v. Bailey*, 2017-Ohio-2679, ¶ 18 (2d Dist.). *See also State v. Lauer*, 2023-Ohio-1076, ¶ 9 (9th Dist.); *State v. McCallister*, 2019-Ohio-744, ¶ 13 (3d Dist.); *State v. Gray*, 2010-Ohio-2530, ¶ 7 (7th

Case No. 2025-A-0062

Dist.); *State v. Hatfield*, 2004-Ohio-6450, ¶ 16 (10th Dist.); *State v. O'Neil*, 107 Ohio App.3d 557, 561 (6th Dist. 1995). In addition, "[a] conviction . . . may not be premised upon the 'stacking of inferences.'" *State v. Payne*, 2014-Ohio-4304, ¶ 23 (11th Dist.). In other words, "[w]hen an inference, which forms the basis of a conviction, is drawn solely from another inference and that inference is not supported by any additional facts or inferences drawn from other established facts, the conviction is improper." *Id*. *Accord State v. Armstrong*, 2016-Ohio-7841, ¶ 23 (11th Dist.).

{¶36} For instance, in *Sandercock*, 2018-Ohio-2448 (11th Dist.), we vacated the appellant's conviction for Failure to Appear because the State failed to submit evidence that the Dale Sandercock who was indicted and standing trial was the Dale Sandercock who was discussed during the State's case-in-chief. *Id*. at ¶ 15. The State's only witness, who was Dale Sandercock's former counsel, "was never asked to identify the man standing trial as his former client." *Id*. at ¶ 16. The State presented "circumstantial evidence that the person who did not appear at the October hearing was named Dale Sandercock (by virtue of the case caption and the fact that a prosecution was taking place)." *Id*. We found that "[a]part from having the same name, however, there was no direct or circumstantial evidence that the man standing trial was that person." *Id*. We further found that "in order to conclude the Dale Sandercock standing trial was the Dale Sandercock referred to in the [S]tate's case-in-chief, required the jury to assume identity," which constituted an improper stacking of inferences. *Id*. at ¶ 23.

{¶37} Similarly, in *Bailey*, the Second District vacated the appellant's conviction because the State failed to prove her identity as the perpetrator. Lavetta Bailey was charged and found guilty of assault after a jury trial. *Id*. at ¶ 1. The State's evidence

Case No. 2025-A-0062

established that emergency medical personnel responded to a fight at a bar where they found, inter alia, a belligerent, yet visibly injured woman. *Id*. at ¶ 3. They were able to transport the woman into their ambulance and, upon arrival at the hospital, the woman struck one of the individuals in the head with a closed fist. *Id*. at ¶ 4-5. At trial, neither the emergency personnel nor a responding officer could identify the appellant as the perpetrator of the assault. *Id*. at ¶ 8-11.

{¶38} Here, Appellant was not physically present at the store during the controlled purchase or its subsequent search. As stated, Det. Grabman testified that Baninemra, the store clerk, called his "boss" on the phone, and Det. Grabman believed the boss's name was "Muhammad." "Muhammad" told Det. Grabman that he would immediately remove the remaining items from "his stores" or from "his shelves." The State presented the following circumstantial evidence to purportedly establish Appellant's identity as "Muhammad" from the phone call:

- Det. Perry testified that during the course of his investigation, he searched Appellant's name through the BMV imaging on his computer and retrieved the driver's license photograph. Det. Perry identified Appellant in the courtroom as the person in that photograph.

- Det. Grabman testified that HT Emory Holdings, LLC, is the owner of the building in which the store is located and that "Muhammad Traish" is HT Emory Holdings, LLC's "statutory agent" or "registered agent."

- Det. Grabman also testified that "Jefferson Convenient and Smoke Shop" is "its own separate LLC" and that "Nour Baninemra" is its registered agent.

- Det. Grabman further testified to his understanding that the statutory or registered agent of a business is its owner.[1]

---

1. Ohio law requires an LLC to "maintain continuously in this state an agent for service of process on the company." R.C. 1706.09(A). Contrary to Det. Grabman's understanding, an LLC's agent is not required to be an owner. *See* R.C. 1706.09(A)(1)-(2). Even if we accepted Det. Grabman's misunderstanding as true,

Case No. 2025-A-0062

{¶39} Viewing this evidence in a light most favorable to the State, as required, it failed to establish that Appellant was "Muhammad" from the phone call or "Muhammad Traish" from the business/property records. While Det. Perry's testimony and in-court identification established that Appellant's name is Muhammad Traish, Det. Perry did not explain why he obtained Appellant's driver's-license photograph during his investigation. For instance, there was no testimony that "Muhammad" from the phone call provided his last name (much less that it was "Traish") or that Appellant shared any characteristics with either individual other than the same name. Therefore, as in *Sandercock*, 2018-Ohio-2448 (11th Dist.), the State's evidence failed to establish "the requisite nexus" between the perpetrator and the person on trial. *Id*. at ¶ 22. To the extent the jury assumed Appellant's identity as the perpetrator, it constituted an improper stacking of inferences. *See id*. at ¶ 23.

{¶40} Based upon the evidence presented by the State, reasonable minds could *not* have concluded that Appellant was the perpetrator of the offenses. Therefore, the State failed to produce sufficient evidence to sustain Appellant's convictions.

{¶41} Accordingly, Appellant's first and second assignments of error are sustained. The trial court's judgment is reversed, and Appellant's convictions are vacated.

{¶42} Because we have vacated Appellant's convictions, his third through fifth assignments of error are overruled as moot. *See Sandercock* at ¶ 29.

---

however, this would not mean that "Muhammad Traish" owns the store; rather, it would mean that "Nour Baninemra" owns the store, while "Muhammad Traish" owns the building.

Case No. 2025-A-0062

{¶43} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is reversed, and Appellant's convictions are vacated.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the Ashtabula County Court of Common Pleas is reversed, and Appellant's convictions are vacated.

Costs to be taxed against Appellee.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---